# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

ALONZO FISHBACK
a/k/a Loranzo Wilhoite,

|  |  |  |
|---|---|---|
| Petitioner, | : | Case No. 3:12-cv-130 |
| - vs - | | Chief Judge Wesley D. Crenshaw, Jr. |
| | | Magistrate Judge Michael R. Merz |
| | | (by assignment) |

MIKE PARRIS, Warden,

                                                      :

        Respondent.

═══════════════════════════════════════════

# REPORT AND RECOMMENDATIONS

═══════════════════════════════════════════

This is a habeas corpus case under 28 U.S.C. § 2254 in which Petitioner, represented by counsel, seeks relief from his convictions in the Circuit Court of Rutherford County, Tennessee, on charges of especially aggravated kidnapping, aggravated assault, and possession of a weapon during the commission of a felony offense. Although the case was filed in 2012, it did not become ripe for decision until the filing of Petitioner's Response to Surreply on October 3, 2017 (ECF No. 80). It was referred to the undersigned, sitting by assignment, on June 22, 2017.

**Procedural History**

The offenses of which Petitioner was convicted occurred at the Hot Spot Tanning Salon in Smyrna, Tennessee, on April 28, 2005.[1]  After a jury convicted Fishback of the above offenses, the trial judge determined that he was a career offender and sentenced him to sixty years on the kidnapping charge, fifteen years consecutive on the assault charge, and two years concurrent on the weapons charge.  Fishback moved for a new trial on grounds that the kidnapping and assault charges should have been merged.  After losing that motion, Fishback appealed to the Tennessee Court of Criminal Appeals which affirmed the convictions and sentence.  *State v. Fishback*, 2008 WL 2521555 (Tenn. Crim. App. June 24, 2008).  The Tennessee Supreme Court denied review.

Fishback then filed a petition for post-conviction relief which included a request for delayed appeal.  A hearing on the petition commenced April 24, 2009, but was interrupted to allow an application for delayed appeal to the Tennessee Supreme Court which that court denied. The hearing then resumed March 16, 2010, and concluded with a trial court finding that Fishback had not proven ineffective assistance of counsel.  Fishback again appealed and the Tennessee Court of Criminal Appeals again affirmed.  *State v. Fishback,* 2011 WL 2565580 (Tenn. Crim. App. Jun. 29, 2011).  The Tennessee Supreme Court again denied review and Fishback filed his Petition *pro se* in this Court January 13, 2012 (ECF No. 1).  Appointed counsel then filed an Amended Petition (ECF No. 20) and later, on Judge Crenshaw's Order (ECF No. 56), a

---

[1] On direct appeal, the Tennessee Court of Criminal Appeals has the date as April 25, 2005.  *State v. Fishback*, 2008 WL 2521555 (Tenn. Crim. App. June 24, 2008).

Superseding Petition (ECF No. 60). The operative pleadings are now the Superseding Petition, the Answer to Superseding Petition (ECF No. 70), and Petitioner's Response to State's Answer (ECF No. 76).

The Superseding Petition pleads the following Claims for Relief:

**Claim 1:** Ineffective Assistance of Trial Counsel in failing

(1) "to investigate whether, and to what extent, Mr. Fishback was under the influence of drugs at the time of the incident" (ECF No. 60, ¶ 33);

(2) "to request a mental evaluation of Mr. Fishback in advance of trial to assess his competency" *Id.,* ¶ 34;

(3) "to object to the process by which Mr. Fishback, an African American defendant, was tried by an all-white jury for offenses against a white victim" *Id.,* ¶ 35;

(4) "to object to the jury instruction for the offense of especially aggravated kidnapping and, as a result, the instruction failed to require a determination of whether the confinement was significant enough, standing alone, to support the conviction and not merely incidental to the accompanying felony" *Id.,* ¶ 36;

(5) "to object to the lack of proper notice of Mr. Fishback's career criminal status as a basis for enhancing his sentence" *Id.* , ¶ 37;

(6) "to provide adequate advice and counsel to Mr. Fishback in the plea bargaining process." *Id.* , ¶ 38.

**Claim 2:** Ineffective Assistance of Appellate Counsel in failing to raise the following claims:

(a) a claim that the evidence was insufficient to support Mr. Fishback's conviction for especially aggravated kidnapping;

(b) a claim that the trial court erred in failing to dismiss the especially aggravated kidnapping charge on defense counsel's motion for judgment of acquittal;

(c) a claim that the trial court erred in failing to instruct the jury that they could only convict Mr. Fishback of especially aggravated

3

kidnapping if they determined that the confinement of the victim was significant enough, standing alone, to support a conviction and not merely incidental to the accompanying felony; and

(d) a claim that the trial court erred by not merging the aggravated assault conviction into the especially aggravated kidnapping conviction at sentencing. *Id.* , ¶ 42.

**Claim 3:**   Violation of Due Process and Double Jeopardy in convictions for both kidnapping and assault. *Id.* , ¶¶ 48-49.

(Superseding Petition, ECF No. 60, PageID 1846-50.)  For consistency, these claims are referred

to hereinafter as Claims 1(1)-(6), Claims 2(a)-(d), and Claim 3.

# Analysis

## Claims of Ineffective Assistance of Trial Counsel Not Raised in Post-Conviction (Claims 1(1)-(5))

Petitioner's first five sub-claims of ineffective assistance of trial counsel are that trial

counsel failed:

(1) "to investigate whether, and to what extent, Mr. Fishback was under the influence of drugs at the time of the incident" (ECF No. 60, ¶ 33);

(2)  "to request a mental evaluation of Mr. Fishback in advance of trial to assess his competency" *Id.,*  ¶ 34;

(3) "to object to the process by which Mr. Fishback, an African American defendant, was tried by an all-white jury for offenses against a white victim" *Id.,* ¶ 35;

(4) "to object to the jury instruction for the offense of especially aggravated kidnapping and, as a result, the instruction failed to require a determination of whether the confinement was significant enough, standing alone, to support the conviction and not merely incidental to the accompanying felony" *Id.,* ¶ 36;

(5) "to object to the lack of proper notice of Mr. Fishback's career criminal status as a basis for enhancing his sentence" *Id.* , ¶ 37;

(Superseding Petition, ECF No. 60, PageID 1846-50.)

These claims have not been considered on the merits by any Tennessee court because they have never been presented to any of those courts. Thus under ordinary rules of procedural default, they would be barred from consideration in habeas corpus.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). The Supreme Court carved out an exception to *Coleman* in *Martinez v. Ryan*, 566 U.S. 1 (2012), where it held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying

ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S.Ct. at 1318-19. In *Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911, 185 L. Ed. 2d 1044 (2013), the Court extended *Martinez* to the Texas system. The Sixth Circuit has held that the *Martinez/Trevino* exception applies in Tennessee. *Sutton v. Carpenter,* 745 F.3d 787, 789 (6th Cir. 2014).[2]

The template for considering *Martinez/Trevino* exceptions in Tennessee cases was set out by the Sixth Circuit in *Atkins v. Holloway*, 792 F.3d 654 (6th Cir. 2015):

> [T]he district court should determine on remand: (1) whether state post-conviction counsel was ineffective, *see id.* at 1921 (noting the Court was not determining whether "Trevino's initial state habeas attorney was ineffective"); *Newbury v. Stephens,* 756 F.3d 850, 871 (5th Cir.2014); and (2) whether Atkins's claims of ineffective assistance of counsel were "substantial" within the meaning of *Martinez, Sutton*, and *Trevino. See Newbury,* 756 F.3d at 871. Questions (1) and (2) determine whether there is cause. The next question is (3) whether Atkins can demonstrate prejudice. Finally, the last step is: (4) if the district court concludes that Atkins establishes cause and prejudice as to any of his claims, the district court should evaluate such claims on the merits.

*Id.* at 660. *Martinez* and *Trevino* do not recognize a new constitutional right to effective assistance of counsel in post-conviction proceedings, but an equitable basis for excusing procedural default of an ineffective assistance of trial counsel claim. The *Strickland* test for ineffectiveness is to be applied to the actions of post-conviction. *Turner v. Hudson*, 2012 U.S. Dist. LEXIS 150319, *9 (S.D. Ohio Oct. 18, 2012).

Respondent defends on these sub-claims by asserting that the underlying ineffective

---

[2] The *Sutton* case was remanded for application of *Martinez/Trevino* without discussion of *Teague v. Lane.*

assistance of trial counsel claims are not substantial. Respecting the omitted investigation into Fishback's state of intoxication at the time of the offense, Respondent points out that intoxication is not a defense in Tennessee, but is relevant to negate a culpable mental state (ECF No. 70, PageID 1927). The video evidence the jury saw of Fishbank getting the scissors would have shown he was capable of forming the required mental state. *Id.* at PageID 1928.

As to the failure to obtain a competency evaluation, Respondent points out that there is nothing in the record to indicate Fishback was incompetent and Fishback's cooperation in the presentence investigation process provides evidence to the contrary. *Id.* at PageID 1929.

As to the fair cross-section claim, while it is not disputed that Fishback is African-American and African-Americans are a distinctive group in the community, there is insufficient evidence to support a finding under the second or third prong of the relevant Supreme Court precedent, *Duren v. Missouri,* 439 U.S. 357 (1979)(ECF No. 70, PageID 1929-32).

Regarding the claim of ineffective assistance of trial counsel for failure to request a jury instruction under *State v. White*, 362 S.W. 3d 559 (Tenn. S. Ct. 2012), Respondent notes that the trial here substantially preceded the *White* decision and the Tennessee Supreme Court expressly determined that case was not retroactively applicable. *Id.* at PageID 1933.

Finally as to the claim of ineffective assistance of trial counsel for failure to object to notice of intent to seek career offender punishment, Respondent asserts that claim is insubstantial because notice was given on the first indictment and the Tennessee Supreme Court has held such notice adequate when applied on a superseding indictment (ECF No. 70, PageID 1934-35).

Petitioner makes no contrary argument to any of these defense positions in his Response to State's Answer (ECF No. 76). The Court thus reaches none of Petitioner's procedurally

defaulted ineffective assistance of trial counsel claims on the merits because none of them are substantial and post-conviction counsel was therefore not ineffective in failing to present them.

**Claims of Ineffective Assistance of Trial Counsel in Plea Bargaining (Claim 1(6))**

In Claim 1(6), Mr. Fishback asserts he received ineffective assistance of appellate counsel in several respects in the plea bargaining process.

In his application for post-conviction relief, Fishback argued he received both ineffective assistance of trial counsel and ineffective assistance of appellate counsel. He had the assistance of appointed counsel in litigating in post-conviction and the trial court held an evidentiary hearing. On appeal, the Tennessee Court of Criminal Appeals summarized the issues raised as follows:

> The petitioner raises numerous allegations of ineffective assistance of counsel. He asserts that trial counsel was ineffective for failing to inform him of each offer made by the State, failing to communicate regarding the progress of the case, not informing the petitioner of the elements of the crime, misinforming the petitioner regarding the State's burden of proof, informing him that the State could not prove the offense of especially aggravated kidnapping, failing to object to the indictment, and not explaining the ramifications of the State's dismissal of the attempted aggravated rape charge or object thereto.

*State v. Fishback*, 2011 WL 2565580 * 9 (Jun. 29, 2011). That court decided each of these claims on the merits against Petitioner, applying the correct federal standard adopted in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires that a defendant show both deficient performance by his counsel and resulting prejudice.

Respondent asserts that the appellate decision on these claims is neither contrary to nor an objectively unreasonable application of Supreme Court precedent and is therefore entitled to

deference under 28 U.S.C. § 2254 (Answer to Superseding Petition, ECF No. 70, PageID 1935-38).

In his Response to the State's Answer, Fishback argues only the ineffectiveness of his trial attorney, Mr. Price, in the plea bargaining process (Response, ECF No. 76, PageID 2002-18). He begins by conceding that the situation facing him was bleak. *Id.* at PageID 2006. Fishback at 6'5" was nine inches taller than his victim, Patricia Forkum, and outweighed her by 130 to 155 pounds, so he easily had the physical power to confine her. There was video proof of his picking up a pair of scissors as he followed her to the rear of the tanning salon, so there was no doubt of his possessing a weapon. He told her twice to remove her clothes, so the intent to confine was readily provable. Even though the confinement lasted only five to eight seconds before Fishback was scared off by someone else's coming into the salon, Tennessee precedent would count that amount of confinement as enough under the kidnapping statute (See cases cited at ECF No. 76, PageID 2004). Fishback had a lengthy felony record, so his taking the witness stand would have been problematic. Because of his career offender status, he faced a mandatory sixty-year sentence at 100%[3] if convicted on the kidnapping charge. *Id.* at PageID 2005, *citing* Tenn. Code Ann. § 40-35-108(c) and 112(c). Mr. Price admitted at the post-conviction hearing that Fishback clearly qualified as a career offender and habeas counsel does not fault that concession. He was forty years old at the time of the offense, so even twenty-years would be close to a life sentence. Trial counsel had cross-examined the victim at two preliminary hearings and concluded she would be credible to a jury. Fishback's present counsel summarizes trial counsel's situation: "Price [the trial attorney] had no plan or basis for discrediting Forkum's [the victim's] story. . . .he had developed no legally-sound defense. All he ever was prepared to do was to assert that five seconds of interference isn't substantial. . . ." *Id.* at PageID 2008. Present

_____

[3] Meaning he could only earn 15% good time credit.

counsel summarizes Fishback's choices after the State offered a sentence of twenty-five years at 100%:

> He could either: (1) plead guilty and accept a sentence that would confine him to age 61; or, (2) go to trial with a Hail Mary defense that, if successful, would result in his imprisonment until age 52, but, if a failure, would result in him being imprisoned for effectively the rest of his life.

*Id.* at PageID 2009. Clearly this was a case where plea negotiation was critical.

As noted by Petitioner (ECF No. 76, PageID 2009), the Supreme Court has expressly extended the constitutional right to effective counsel to the plea bargaining process. *Missouri v. Frye*, 566 U.S. 133 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012). However, neither *Frye* nor *Cooper* created a "new rule of constitutional law" made retroactive to cases on collateral review by the Supreme Court. *In re Liddell*, 722 F.3d 737 (6th Cir. 2013), *citing* parallel holdings from all other circuits to consider the issue. *In re Graham,* 714 F.3d, 1181, 1183 (10th Cir. 2013) (*per curiam*); *Gallagher v. United States*, 711 F.3d 315, 315–16 (2nd Cir. 2013) (*per curiam*); *Williams v. United States,*705 F.3d 293, 294 (8th Cir. 2013) (*per curiam*); *Buenrostro v. United States*, 697 F .3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (*per curiam*); *Hare v. United States*, 688 F.3d 878, 879, 881 (7th Cir. 2012); *In re Perez,*682 F.3d 930, 933–34 (11th Cir. 2012) (*per curiam*).

Fishback cites to Sixth Circuit case law prior to *Frye* and *Cooper* as supporting elements of the duties of counsel in plea negotiations. (Response, ECF No. 76, PageID 2009-10, *citing Griffin v. United States*, 330 F.3d 733 (6th Cir. 2003); and *Smith v. United States*, 348 F.3d 545 (6th Cir. 2003).) *Griffin* supports the proposition that it is ineffective assistance of trial counsel to fail to convey a plea offer to a client, but cites only prior circuit law, not any Supreme Court precedent. In *Smith* the District Court declined to hold an evidentiary hearing in a § 2255 case

because it found incredible the defendant's affidavit that he would have accepted a plea, deciding the case on the prejudice prong of *Strickland*. 348 F.3d at 551.

Because this is a case under 28 U.S.C. § 2254, Fishback must show that the Tennessee Court of Criminal Appeals rejection of his ineffective assistance of trial counsel claims was an unreasonable application of clearly established Supreme Court precedent at the time that court decided the claims, **before** *Frye* and *Lafler* were decided. *Teague v. Lane*, 489 U.S. 288 (1989).

Fishback concedes that his account of what Price told him about his options differed from Price's account, that the Tennessee Court of Criminal Appeals accepted Price's account, and that this Court must assume, therefore, that Price testified accurately (Response, ECF No. 76, PageID 2010).

Fishback concedes Price told him of the twenty-five year plea offer, but accuses Price of two instances of deficient performance in advising him about that offer. First, "he failed to accurately convey the comparative benefits of pleading" because he misunderstood Fishback's age and its relation to when he could be released from prison under the plea bargain (Response, ECF No. 76, PageID 2011). Second, he "failed to adequately convey the odds of losing at trial on the kidnapping charge." *Id.*

In considering Fishback's claims of ineffective assistance of trial counsel on appeal, the Tennessee Court of Criminal Appeals noted that under Tennessee's post-conviction statute, a petitioner has the burden of proving factual allegations by clear and convincing evidence and that findings of fact made by a trial court after an evidentiary hearing are conclusive on appeal "unless the evidence preponderates against them." *State v. Fishback*, 2011 WL 2565580  *8 (Tenn. Crim. App., Jun. 29, 2011.)

Fishback argues that the Court of Criminal Appeals decision is not entitled to deference

under 28 U.S.C. § 2254(d) because its factual conclusions are based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." He notes that post-conviction counsel had failed to explain the "true potential for conviction and the true potential for sentencing" so that Fishback could make a "reasonable decision about the 25-year offer." (ECF No. 76, PageID 2016.)

Regarding the true potential for conviction, Fishback now dismisses as fanciful Attorney Price's notion of arguing to the jury that confinement for five to eight seconds did not constitute kidnapping. He points to Tennessee authority holding that that length of time is long enough. This Court disagrees that making such an argument to the jury would have been a "Hail Mary pass.[4]" The common conception of kidnapping is certainly of something far more substantial than blocking another person's exit from a room for five to eight seconds. Admittedly, that amount of time was legally sufficient under Tennessee law. But it is not hard to imagine that at least one juror could have been persuaded that that amount of time did not equate factually to "especially aggravated kidnapping." With a credible victim and video of the scissors, defense counsel did not have many options and indeed habeas counsel has not suggested what other viable defenses on the facts Fishback might have had. What indeed was the "true potential" for conviction? The Court of Appeals credited Price's testimony:

> Counsel denied ever telling the petitioner that the facts would not support the especially aggravated kidnapping charge and testified that both he and the petitioner understood that there was the potential for the petitioner to be convicted of the kidnapping charge as long as the charge went before the jury.

2011 WL 2565580 at *10. The law does not require an attorney to estimate with any precision the likelihood of a conviction in order to provide constitutionally effective assistance because

---

[4] Counsels' phrase, not the Magistrate Judge's.

any such prediction would be based on a large number of unknowable factors, e.g., attitudes of jurors about particular kinds of crimes, guesses about how well particular witnesses will perform on the stand, etc. At the time of trial, Attorney Price had been in practice for more than thirty years and was chosen by Fishback as his counsel, presumably with some idea about his reputation.[5] Nothing in the record cited to this Court suggests Price led Fishback to believe the potential for conviction was low. Under the circumstances, the Court of Appeals conclusion that Price did not provide ineffective assistance of trial counsel in the way he advised Fishback about the possibility of conviction is not a decision based on an unreasonable determination of the facts or an objectively unreasonable application of *Strickland*.

Regarding the true potential for sentencing, Fishback now argues Price got his age wrong and therefore gave incorrect advice about whether a twenty-five year sentence would amount to a life sentence. As proof that he was forty at the time of the offenses, Fishback cites the Warrant for his arrest on these charges (ECF No. 76, PageID 2002, *citing* ECF No. 27-1, PageID 483). This is a document of the Smyrna, Tennessee, Municipal Court which shows a date of birth of March 3, 1965. The Warrant contains a return date of April 29, 2005, which means that, according to these documents, Fishback was indeed forty years old at the time of his arrest. That is the only source cited for Fishback's age at the time of the offenses and it constitutes hearsay from an unknown source. Certainly it is not positive proof of Mr. Fishback's age at the time of the offenses.

As proof of that Price got his age wrong, Fishback cites Price's testimony at the post-conviction hearing. The colloquy from which that is taken reads:

> Q.     But at the time of the commission of the offense Mr. Fishback was out on parole?

---

[5] Of course, the obligation to provide effective assistance applies regardless of whether counsel is retained or appointed.

A.     Yes.  He had been released a matter of two or three months when all this took place.   And there was some – he had a preliminary parole revocation hearing if I'm not mistaken.  And it was based on his failure to get a job, et cetera.  He talked to me a little bit about his job efforts and so forth.  But nonetheless – so at 30 years plus the parole and considering his age being 45 this put him somewhere up in his to year age range.  He didn't consider that offer either.  But it was communicated to him.  And that may have been communicated to him in court.  At some point later I believe it was you [the prosecutor] or Mr. Santell who was assisting you on this case I was approached with an offer of 25 years.   Mr. Fishback and I had discussed between ourselves on several occasions that if they get down into the 10 to 15 year range that we've got to consider that.  But at 25 years it was his position that that still – you know, he comes out at age 70 and its basically a life sentence.  And it was not anything he was going to consider.  I asked him if there was anything he wanted me to come back with them at.  Very often when an offer is made the State or whoever makes the offer is waiting for you to come back with some alternative.  I felt like that if we had come  back at 20 years that the State would have considered that.  Might have accepted it.  Might have accepted it because the lady was not injured and because the kidnapping was very brief.  But nonetheless he did not authorize me to make a 20 year offer.  He felt that put him very close to age 70 upon release if he were to have survived to that age.  Generally speaking persons who are confined have a less than normal life expectancy.

(Transcript, ECF No. 27-3, PageID 1033-35.)

This colloquy does not suggest that the purported age discrepancy was material to the negotiations.  What was the likelihood that a man on parole only two or three months from a third robbery conviction would not have significant time imposed on revocation?  We are not told.  What is the likelihood of earning the good-time credit of 15% which is what would have been necessary to get the release date down to age 61?  We are not told.  But in any event it is not clear that "Price let Fishback brush it [the twenty-year offer] off as unthinkable. . . ."  (ECF No. 76, PageID 2011).  Instead, Price encouraged Fishback to take the twenty-five year offer seriously and to make a counter offer at twenty years, which Fishback refused to do.  In any

event the conclusion of the Tennessee Court of Criminal Appeals that Fishback had not proven deficient performance by clear and convincing evidence is not a conclusion based on an unreasonable determination of the facts.

Fishback fares no better on the prejudice prong of *Strickland*. Habeas counsel asserts that to show prejudice from deficient performance, he must show that there is a reasonable probability that the defendant would have accepted the plea. (ECF No. 76, PageID 2013, relying on *Lafler*, 566 U.S. at 164.) But as noted above, *Lafler* was not the law when Fishback's post-conviction application was decided and is not to be applied retroactively to cases on collateral review.

Even if *Lafler* were the law, it was not an unreasonable determination of the facts for the Court of Criminal Appeals to find Fishback would probably not have accepted the twenty-five year plea agreement. He rejected the twenty-five year offer. Asked by his own counsel in leading fashion at the post-conviction hearing if he would have accepted it had he been "informed about the true elements of the crime and the true potential for conviction and the true potential for sentencing," he testified that it would probably have "changed his behavior." (ECF No. 76, *quoting* Transcript at PageID 1154-55.) He testified further that he "would have asked my attorney to see [sic] the lowest offer that the State would probably have made and I would have tried to take the lowest offer." *Id.* at PageID 1164-65. When asked on cross-examination whether he would have taken the twenty-five year offer if that was the lowest the State would have made, he said he "would have thought about it." None of this testimony is unequivocal, which is not to say the trial court and the appellate court would have been bound to accept it if it were unequivocal. But weighted against this testimony is Price's uncontradicted testimony that in the same conversation, Fishback refused to authorize him to offer twenty years.

Therefore the conclusion of the Tennessee Court of Criminal Appeals that Fishback was not prejudiced by whatever omissions occurred in Price's advice about the twenty-five year offer is not an objectively unreasonable application of *Strickland* or based on an unreasonable determination of the facts. Claim 1(6) should be dismissed on the merits.

**Claims of Ineffective Assistance of Appellate Counsel (Claims 2(a)-(d)**

The *Strickland* test also applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.*

Mr. Fishback also raised claims of ineffective assistance of appellate counsel in post-conviction, summarized by the Tennessee Court of Criminal Appeals as follows:

> The petitioner asserts that appellate counsel was ineffective for not challenging the sufficiency of the evidence regarding the especially aggravated kidnapping conviction or raising as an issue that the aggravated assault conviction should have merged into the especially aggravated kidnapping conviction.

*State v. Fishback*, 2011 WL 2565580 * 9 (Tenn. Crim. App. Jun. 29, 2011). The Court of Appeals decided these claims as follows:

> The petitioner asserts that appellate counsel was ineffective for not challenging the sufficiency of the evidence regarding the especially aggravated kidnapping conviction. He asserts that the kidnapping was not accomplished with a deadly weapon but instead "by the

subterfuge of [the petitioner] seeking to see a stand-up tanning bed." He urges that his actions were more properly aggravated kidnapping, and that counsel should have challenged the sufficiency of the especially aggravated kidnapping conviction on appeal. The petitioner, however, has failed to prove his allegations by clear and convincing evidence. Appellate counsel, although called to testify at the hearing regarding the delayed appeal, was never called to testify about his reasoning concerning his failure to challenge the sufficiency of the evidence. Given the minimal evidence regarding appellate counsel's performance, we cannot conclude that the petitioner met his burden of proving that counsel performed deficiently.

In addition, our review of the trial transcript indicates that the petitioner has likewise failed to prove that he was prejudiced by the failure to raise the sufficiency issue on appeal. The victim testified at trial that she was unable to leave the room because the petitioner was blocking her and that the petitioner's display of the scissors played a role in her ability to leave the room. Even if the petitioner's initially getting the victim into the tanning room was by subterfuge, the victim's testimony suggests that his actually detaining her in the room involved the "weapon." Thus, there was evidence presented to the jury by which a rational trier of fact could have concluded that the "false imprisonment [of the victim was] [a]ccomplished ... by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon[.]" See Tenn.Code Ann. § 39–13–305(a)(1). Therefore, the petitioner has failed to prove that any deficiency in appellate counsel's performance caused him prejudice.

The petitioner also argues that appellate counsel was ineffective for failing to raise as an issue on appeal that the aggravated assault conviction should have merged into the especially aggravated kidnapping conviction. However, the petitioner did not raise this issue in his petition or amended petitions.[] In any event, as with the petitioner's allegations concerning the failure to challenge the sufficiency of the evidence, the record is very sparse concerning appellate counsel's performance and does not rise to the level of clear and convincing proof.

*State v. Fishback*, 2011 WL 2565580 *11 (Jun. 29, 2011)(footnote omitted).

Fishback presents no argument in his Response that the Court of Appeals' decision on his

ineffective assistance of appellate counsel claims is an objectively unreasonable application of

Supreme Court precedent and this Court finds no independent basis for doing so. It cannot be ineffective assistance of appellate counsel to fail to raise claims that would not have been successful. Claims 2(a)-(d) should be dismissed.

**Due Process and Double Jeopardy (Claim 3)**

In Claim 3 of the Superseding Petition, Fishback asserts his convictions for both especially aggravated kidnapping and aggravated assault violate the Due Process Clauses of the Fifth and Fourteenth Amendments and the Double Jeopardy Clause of the Fifth Amendment. (ECF No. 60, PageID 1849-50). This amounts to one constitutional claim since the Double Jeopardy Clause of the Fifth Amendment has been incorporated into the Due Process Clause of the Fourteenth. *Benton v. Maryland*, 395 U.S. 784, 794 (1969), but is not otherwise applicable to the States.

The State initially conceded that this claim was preserved for merits consideration in habeas because it was fairly presented to the Tennessee Court of Criminal Appeals as a federal constitutional question (Answer, ECF No. 20, PageID 468). However, in its Answer to the Superseding Petition, the State argues that the decision on this question by the appellate court was only a decision of a state law merger-of-offenses claim which is not reviewable in habeas corpus (ECF No. 70, PageID 1926). To the extent Claim 3 presents a federal claim, Respondent asserts it is procedurally defaulted because it was not fairly presented as a federal claim on appeal. *Id.* at PageID 1926-27.). Fishback makes no response to this argument in his Response

to State's Answer[6] (ECF No. 76).

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim. *Hicks v. Straub,* 377 F.3d 538 (6th Cir. 2004), *citing McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).

> In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Hicks* at 552-53, *citing McMeans*, 228 F.3d at 681.

The State's procedural default defense is well-taken. The Tennessee Court of Criminal Appeals evidently understood it was deciding only a state law question and distinguished among the Tennessee Supreme Court precedents that were argued to be applicable. It never referred to the Double Jeopardy Clause or any federal or state precedent discussing that Clause. Because the claim was not fairly presented as a federal constitutional claim and there is not any mechanism for presenting it now, the claim is procedurally defaulted.

In the alternative, were the Court to reach the merits of the Double Jeopardy claim, it would be appropriately decided against the Petitioner. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

---

[6] The Rules Governing § 2254 Proceedings refer to this pleading as a "reply," replacing the traditional label of "traverse." The Magistrate Judge treats this Response as the reply called for by the Rules.

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), *quoting North Carolina v. Pearce,* 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton, supra*.

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). In deciding this claim on direct appeal, the Tennessee Court of Criminal Appeals, although discussing only Tennessee precedent, reached the conclusion that especially aggravated kidnapping and aggravated assault under Tennessee law have different elements:

> One commits aggravated assault relevant to the instant cases who intentionally or knowingly causes another person to reasonably fear imminent bodily injury by the use or display of a deadly weapon. *See* T.C.A. § 39-13-101(a)(2); T.C.A. § 39-13-102(a)(1)(B).
>
> Especially aggravated kidnapping is defined as "knowingly remov[ing] or confin[ing] another unlawfully so as to interfere substantially with the other's liberty," T.C.A. § 39-13-302(a), "accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." T.C.A. § 39-13-305(a)(1).
>
> Applying those principles to the case herein, we agree with the State that, unlike the crime of kidnapping, an assault does not inherently require the restraint, detention, or confinement of anyone. Thus, because no restraint is necessary to accomplish an assault, any restraint used in the commission of an assault "may support a separate conviction for kidnapping." *Dixon,* 957 S.W.2d at 535

*State v. Fishback*, 2008 WL 2521555 *4 (Tenn. Crim. App. Jun. 24, 2008). This decision fits

squarely within the *Blockburger/Dixon*[7] analysis: kidnapping requires a confinement, assault does not. Of course, it is entirely a matter of state law on which a habeas court cannot second guess the state courts as to what the elements are of any particular state crimes.

Because the state court decision here is neither contrary to nor an objectively unreasonable application of Supreme Court precedent, the Double Jeopardy claim should be dismissed if the Court reaches its merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Superseding Petition be DISMISSED WITH PREJUDICE. In accordance with Rule 11 of the Rules Governing § 2254 Cases, the Magistrate Judge concludes that reasonable jurists could disagree with the proposed disposition on Fishback's claim of ineffective assistance of trial counsel in the plea negotiation process and recommends that he be GRANTED a certificate of appealability on that claim. Because reasonable jurists would not disagree as to the other conclusions reached above, Petitioner should otherwise be denied a certificate of appealability.

November 27, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[7] *United States v. Dixon, supra*, is a different case from the *State v. Dixon* precedent which is short-cited in the quoted decision.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).