# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALONZO FISHBACK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:12-cv-00130 |
| | ) CHIEF JUDGE CRENSHAW |
| MIKE PARRIS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 81), recommending that the Court deny Alonzo Fishback's Petition for a Writ of Habeas Corpus (Doc. No. 60) and grant a certificate of appealability on his claim of ineffective assistance of trial counsel in the plea negotiation process. Fishback only objects to the denial of the ineffective assistance of trial counsel claim (Doc. No. 83), while Respondent objects to the granting of a certificate of appealability (Doc. No. 84). After a de novo review, the Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** in full.

The United States Supreme Court has recognized that a criminal defendant is entitled "to the effective assistance of competent counsel" during plea negotiations. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)); see Hill v. Lockhart, 474 U.S. 52, 54 (1985) (applying the deficiency and prejudice test to ineffective assistance of counsel during plea negotiations claims). This is because pleading guilty is "no more foolproof than full trials to the court or to the jury," and courts must "take great precautions against unsound results." Tollett v. Henderson, 411 U.S. 258, 263 (1973). One of those precautions is the necessity of competent counsel. A plea is "unintelligent" if counsel's advice on whether a defendant should

plead guilty is outside "the range of competence demanded of attorneys in criminal cases." McMann, 397 U.S. at 771. Indeed, defendants "cannot be left to the mercies of incompetent counsel" when making the important decision on whether to plead guilty, and "judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts." Id.

To prove an ineffective assistance of counsel claim, Fishback must show that his counsel was deficient, and that the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 688 (1984). In evaluating an ineffective assistance of counsel claim, the Court accepts the highest state court's determination of the facts unless Fishback proves by clear and convincing evidence that those factual determinations were not correct. 28 U.S.C. § 2254(e)(1). The Court can only give Fishback relief if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. at (d).

Here, Fishback cannot prove that the Tennessee Court of Criminal Appeals' factual determination that his trial counsel was not deficient during plea negotiations involved an "unreasonable application" of clearly established federal law as determined by the Supreme Court. The State made an offer for Defendant to plead guilty and accept a twenty-five year sentence. The court found that trial counsel "discussed, orally, with the petitioner any offers made by the state." (Id. at 4.) The court further found that Fishback "'did not want to agree to anything like [twenty] years at 100 percent' given his age." (Doc. No. 2-12 at 4.) This is because Fishback believed that "any sentence over twenty years would essentially be a life sentence because of the petitioner's

age." (Id. at 6.) The foregoing supports the Court's conclusion that counsel was not deficient. (Id. at 9.)

Fishback's first argument alleges that his counsel failed to convey the comparative benefits of pleading guilty, and thus was deficient. (Doc. No. 83 at 10.) Specifically, Fishback argues that his counsel erroneously believed he was forty-five years old when his real age was forty and did not advise him about good-time credits. (Id.) Second, Fishback argues that counsel did not adequately convey the odds of losing at trial on the kidnapping charge. (Id. at 11.) [1]

To evaluate both arguments, the question of whether a defendant receives competent advice during plea negotiations falls upon whether counsel's advice was "within the range of competence demanded of attorneys in criminal cases." Tollett, 411 U.S. at 266 (quoting McMann, 397 U.S. at 771). It does not matter whether counsel's advice was retrospectively right or wrong, but instead matters whether counsel was within the "range of competence." McMann, 397 U.S. at 771. "Counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this standard of proof." Tollett, 411 U.S. at 266-67. These are the only guides the Supreme Court has given regarding whether counsel is deficient. Hill, 474 U.S. at 58-59; see also West v. Berghuis, No. 16-2438, 2017 WL 5712798, at *3 (6th Cir. Nov. 28, 2017) (discussing McMann and Tollett as the guides in determining that counsel was not deficient by advising the petitioner to enter a guilty plea).

First, regarding good time credits, they are a collateral consequence of a plea on which the Supreme Court has not held counsel is required to advise. See Hill, 474 U.S. at 60 (declining to

---

[1] Fishback also argues that Cullen v. Pinholster, 563 U.S. 170 (2011), does not prevent the Court from considering the opening and closing arguments from the trial transcripts. (Doc. No. 83 at 23.) The Magistrate Judge granted the Motion to Expand the Record (Doc. No. 74), to which Respondent did not object, and the transcript is in the record (Doc. No. 75-1). As such, this argument is moot.
3

hold that counsel must advise a criminal defendant about the collateral consequences of a plea). A direct consequence of a plea is one when the "result flowing from the plea is definite, immediate, and automatic." King v. Dutton, 17 F.3d 151, 154 (6th Cir. 1994). Collateral consequences of the plea, on the other hand, are consequences outside the court's control at sentencing. El-Nobani v. United States, 287 F.3d 417, 421 (6th Cir. 2002). Good time credits are outside the sentencing court's control, but instead turns on whether the prisoner "behaves uprightly" at his place of incarceration. TENN. CODE ANN. § 41-2-111(b). In McConnell v. Curtin, No. 2:13-cv-12128, 2016 WL 1106898, at *6 (E.D. Mich. Mar. 22, 2016) (citations omitted) like here, the court held that the "Supreme Court has [ ] not addressed whether 'there may be circumstances under which advice about a matter deemed collateral violates the Sixth Amendment.'" 2016 WL 1106898, at *6 (citing Hernandez v. Grounds, 628 F. App'x 541, 541-42 (9th Cir. 2016)). Because the Supreme Court has not ruled on this issue, it cannot be a ground for relief under § 2254. 28 U.S.C. § 2254(d). Thus, counsel's failure to advise Fishback on his eligibility for good time credits is not constitutionally deficient.

Next, on the age issue, there is insufficient evidence that counsel's belief that Fishback was forty-five years old played any role in Fishback rejecting the twenty-five-year plea offer.[2] Fishback certainly knew his own age and did not authorize his counsel to propose a counter-offer of 20 years because "anything more than 20 years was going to be a life sentence with Mr. Fishback." (Id. at 119; 132.) If Fishback, knowing his own age, believed that twenty years was essentially a life sentence, a twenty-five-year offer would certainly be too long for Fishback to accept. There is

---

[2] The Court notes that the issue regarding counsel believing Fishback was older than he was in reality was never brought before any state court (see Doc. No. 2-8 (the four post-conviction petitions); Doc. No. 2-11 (appellant's brief in the collateral appeal)), and therefore may be procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991); (see also Doc. No. 81 at 5-6 for a discussion on procedural default). As Respondent did not raise the procedural default issue in his Objections (Doc. Nos. 84, 86), the Court will proceed to the merits. See Bell v. Cone, 543 U.S. 447, 481 n.3 (2005) (endorsing that courts may bypass the procedural default issue to deny the petition on the merits).

4

insufficient evidence that Fishback's counsel's knowledge of Fishback's age affected his advice to Fishback. Fishback's counsel was not constitutionally deficient for misunderstanding Fishback's age, if he in fact did so.

Last, the Tennessee Criminal Court of Appeals' decision that counsel adequately explained the odds of losing at trial on the kidnapping charge was not an unreasonable application of the facts. Counsel told Fishback that "the offense or conviction of kidnapping could be maintained." (Doc. No. 27-3 at 121.) The facts were undisputed and the incident was on videotape. (Id. at 113, 120.) Counsel hoped that jury would believe Fishback's actions did not constitute kidnapping because he only held his victim for six seconds, but both counsel and Fishback knew that, by the letter of the law, a jury could convict Fishback based on the videotape and the testimony of the victim. (Id. at 121.) Counsel went over the elements of the crimes and possible penalties. (Id. at 122.) Based on the foregoing, the court found that both counsel and Fishback "understood that there was the potential for the petitioner to be convicted of the kidnapping." (Doc. No. 2-12 at 10.) It found that counsel "discussed the elements of the offenses with the petitioner and [explained] the sentences he could receive on the charges, including that he could receive a sentence of sixty years on the kidnapping charge." (Id. at 9.) As a result, the court held that "petitioner has failed to prove any deficiency in counsel's performance." (Id. at 10.) This decision is not unreasonable.

The Tennessee Criminal Court of Appeals' decision that Fishback was not prejudiced by any deficiency is also not an unreasonable application of clearly established law as determined by the United States Supreme Court. During the post-conviction proceedings, Fishback never testified that he would have accepted the twenty-five year offer from the state had he been properly informed of his odds of losing. Instead, he testified that he would have "thought about" it. (Doc. No. 27-3 at 106.) However, prior to Fishback's trial in 2005, the only Supreme Court case

discussing prejudice in a context where the petitioner pleaded guilty instead of going to trial held that the petitioner "did not allege in his habeas petition that, had counsel [not acted deficiently], he would have pleaded not guilty and insisted on going to trial." Hill, 474 U.S. at 60. That is the standard under which Fishback has to prove prejudice.

Indeed, in Hill, counsel advised the defendant to plead guilty to first-degree murder and theft of property with a plea agreement for him to serve thirty-five years, believing he would be parole-eligible after serving one-third of his sentence. 474 U.S. at 53-56. In reality, the defendant was not parole-eligible until he served half of his thirty-five year sentence because he had a prior conviction in Florida. Id. at 55. When the defendant attempted to vacate his guilty plea under Section 2254, the Supreme Court affirmed denial of his habeas petition, holding that the defendant did not prove that had counsel informed him correctly of his parole-eligibility, he "would have pleaded not guilty and insisted on going to trial." Id. at 60. See also Roe v. Flores-Ortega, 528 U.S. 470, 485-86 (2000) (endorsing the language in Hill in concluding that a counsel who failed to file a Notice of Appeal on behalf of her client did not prejudice the defendant when there were not any nonfrivolous grounds for appeal); Dando v. Yukins, 461 F.3d 791, 798 (6th Cir. 2006) (applying Hill in finding prejudice where counsel did not inform the defendant of a viable defense in advising her to plead guilty, and had counsel properly advised the defendant, she "likely would have rejected the guilty plea"); Maples v. Stegall, 340 F.3d 433, 440 (6th Cir. 2003) (reversing the district court's granting of a habeas petition when, after applying Hill, the district court found that the defendant would not have pleaded guilty absent counsel's errors but the district court erroneously did not analyze the merits of the underlying offense).

Fishback now argues that there is a "reasonable probability" that he would have taken the 25-year offer had counsel competently handled the plea negotiation process. Rather, the record

before the Court is that he "would have thought about it," which does not meet the high standard set forth in Hill. Additionally, he refused to allow his counsel to counter-offer a twenty-year plea deal—a fact that supports counsel's testimony that Fishback felt that a twenty-year sentence was too long. Fishback cannot prove prejudice, and therefore is not entitled to habeas relief.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts require the Court to determine whether to grant or deny a certificate of appealability. The Court should only grant a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner makes this showing if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 482 (2000)). A claim "can be debatable even though every jurist of reason might agree . . . that [the] petitioner will not prevail." Id. at 338. Instead, the Petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529 U.S. at 484). Here, for the reasons discussed in the Report and Recommendation, Fishback has made such a showing, and the Court grants a certificate of appealability on his ineffective assistance of counsel during plea negotiations claim.

For the foregoing reasons, as well as the reasons contained in the Report and Recommendation, the Report and Recommendation (Doc. No. 81) is **ADOPTED**. Fishback's petition for a writ of habeas corpus (Doc. No. 60) is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **GRANTED** on Fishback's ineffective assistance of counsel during plea negotiations claim. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE